THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERNON JOHNSON on behalf of himself and all others similarly situated, | § § § | |
| *Plaintiffs* | § § | CIVIL ACTION NO. _____ |
| vs. | § § § | |
| GINGER DIRDEN, executor of the estate of LINDSEY DIRDEN, and DIRDEN LANDSCAPE & IRRIGATION, INC. | § § § § | |
| *Defendants* | § § | |

## COMPLAINT

Plaintiff Vernon Johnson ("Plaintiff"), on behalf of himself and all other similarly situated employees ("the putative class"), files this Complaint against Lindsey Dirden and Dirden Landscape & Irrigation, Inc. ("Dirden Landscaping"), collectively referred to as Defendants, showing as follows:

## SUMMARY OF SUIT

1.      Defendants provided landscaping services in Harris County, Texas.

2.      Plaintiff is a former laborer for Defendants in the United States. Plaintiff was classified as exempt from the federal Fair Labor Standards Act ("FLSA"), meaning he was not compensated for overtime when they worked more than forty hours in a workweek. The putative members were either misclassified as exempt as well or classified as independent contractors and also not paid for overtime when they worked more than forty hours in a workweek.

3.      Defendants violated the FLSA by misclassifying Plaintiff and the putative members as exempt or as independent contractors.

4.      Lindsey Dirden and Dirden Landscape & Irrigation Inc. knowingly and deliberately failed to compensate Plaintiff and the putative members for their overtime hours based on the time and half formula under the FLSA.

5.      Lindsey Dirden and Dirden Landscape & Irrigation Inc. violated the FLSA by paying Plaintiff and the putative members a rate without overtime and by misclassifying some workers as independent contractors instead of as employees.

6.      Consequently, the compensation policy of Lindsey Dirden and Dirden Landscape & Irrigation Inc. violated the FLSA's mandate that non-exempt employees, such as Plaintiff and the putative members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

7.      Lindsey Dirden and Dirden Landscape & Irrigation Inc. also required Plaintiff and the putative members to work time off the clock.

8.      Plaintiff seeks to recover, on behalf of himself and the putative members, all unpaid wages, liquidated damages, costs and attorneys' fees and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9.      Plaintiff also prays that the class of similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## JURISDICTION AND VENUE

10.     The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. For several years, Defendants did business in the State of Texas, as well as within this District.

11.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FLSA.

12.     The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiff's claims maintained and administered by Defendants in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## THE PARTIES

13.     Plaintiff Vernon Johnson is an individual residing in Harris County, Texas. Johnson was employed by Defendants within the meaning of the FLSA during the three-year period preceding the filing of this complaint.

14.     The putative class are all former laborers who were employed in the United States by Defendants from the three years prior to the filing date of this lawsuit. All of the putative member are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

15.     Exhibit A is Plaintiff's signed consent form.

16.     Defendant Lindsey Dirden was an officer, director, and/or owner of Dirden Landscape & Irrigation, Inc., and acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the putative members. Ginger Dirden is the executor of Lindsey Dirden's estate and is an individual who resides and may be served at 12627 Mansfield Glen Court, Houston, Harris County, Texas 77014.

17.     Defendant Dirden Landscape & Irrigation, Inc. is a domestic corporation with its headquarters in Harris County, Texas, and may be served with process through Ginger Dirden,

executor of Dirden Landscape & Irrigation, Inc.'s registered agent, Lindsey Dirden. Ginger

Dirden may be served at 12627 Mansfield Glen Court, Houston, Harris County, Texas 77014.

## BACKGROUND

18.     Defendants operated a full-service landscaping company focusing primarily in the

Houston area.

19.     Johnson worked for Defendants from November 2015 until September 2016.

20.     While Defendants gave Johnson the title of "project manager" in a failed effort to

avoid paying him overtime, the reality was that Johnson and the putative class worked as

laborers.

21.     Johnson did not define the scope of projects.

22.     Johnson did not develop project plans.

23.     Johnson did not develop project schedules.

24.     Johnson did not develop policies and procedures to support the achievement of

project objectives.

25.     Johnson did not determine the organizational structure of any project teams.

26.     Johnson did not identify roles and positions for personnel.

27.     Johnson did not identify services to be provided by external companies.

28.     Johnson did not staff project positions.

29.     Johnson generally worked approximately ten (10) to twelve (12) hours per day,

six (6) days per week, and was paid a fixed rate. At the time of his termination, Defendants paid

Johnson approximately $600.00 per week.

30.     Unfortunately, Johnson and the putative class, all of which should have been classified as non-exempt employees, were not paid one and one-half their regular hourly rates for hours worked over forty (40) hours per week.

31.     Johnson and the putative class worked time off the clock yet were not paid.

32.     Upon information and belief, all or several of the putative class were improperly classified as "independent contractors" yet in reality should have been classified as employees.

33.     Lindsey Dirden was directly involved in:

    a.   the hiring and firing of employees;

    b.   the day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by the employees;

    c.   Dirden Landscaping's finances; and

    d.   Dirden Landcaping's business decisions.

## COVERAGE

34.     At all material times, Lindsey Dirden and Dirden Landscape & Irrigation Inc.were employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

35.     At all material times, Lindsey Dirden and Dirden Landscape & Irrigation Inc. were an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

36.     At all material times, Lindsey Dirden and Dirden Landscape & Irrigation Inc. were an enterprise or enterprise in commerce or in the handling of goods for commerce within the meaning of 3(s)(1) of the FLSA because Lindsey Dirden and Dirden Landscape & Irrigation Inc. had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

37.    Furthermore, Lindsey Dirden and Dirden Landscape & Irrigation Inc. had an annual gross business volume of not less than $500,000.

38.    At all material times, Johnson and the putative members were employees who had engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## CAUSES OF ACTION

### Failure to Pay Overtime Compensation

39.    Each and every allegation contained above is realleged as if fully written herein.

40.    Lindsey Dirden's and Dirden Landscape & Irrigation Inc's. failure to pay Johnson and the putative members for hours worked over forty (40) hours per workweek at one and one-half times their regular rates of pay was and is in violation of the FLSA.

41.    No exemption excused Lindsey Dirden and Dirden Landscape & Irrigation Inc. from paying Johnson and the putative members overtime compensation for their overtime hours worked. Nor did Lindsey Dirden and Dirden Landscape & Irrigation Inc. make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding overtime compensation with respect to Johnson and the putative members.

42.    Accordingly, Johnson and the putative members are entitled to unpaid overtime pay in an amount which is one and one-half times their regular rates of pay.

43.    Additionally, Johnson and the putative members are entitled to an amount equal to all of their unpaid overtime wages as liquidated wages.

44.    Finally, Johnson and the putative members are entitled to reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b) (2016).

## COLLECTIVE ACTION ALLEGATIONS

45.     Each and every allegation contained above is realleged as if fully written herein.

46.     Other employees have been victimized by the above referenced pattern, practice, and policy of Lindsey Dirden and Dirden Landscape & Irrigation Inc. in violation of the FLSA.

47.     Thus, from personal knowledge, Johnson is aware that the illegal practices and policies of Lindsey Dirden and Dirden Landscape & Irrigation Inc. were imposed on other workers.

48.     Other similarly situated employees are being denied their lawful wages.

49.     Accordingly, Lindsey Dirden's and Dirden Landscape & Irrigation Inc.'s pattern and practice of failing to pay overtime pay as required by the FLSA results in Lindsey Dirden's and Dirden Landscape & Irrigation Inc.'s general application of policies and practices, and does not depend on the personal circumstances of the putative members.

50.     Johnson's experiences are typical of the experiences of the putative class as it pertains to compensation.

51.     The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

52.     All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week are similarly situated.

53.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

54.     All current and former employees who worked as laborers who at any time during the three years prior to the date of filing this action to the date of judgment were denied overtime pay for hours worked in excess of forty (40) are properly included as members of the class.

55.    As such, the class of similarly situated Plaintiffs for the FLSA Class is properly

defined as follows:

> All current and former employees who worked as laborers and all
> employees with substantially similar duties who worked for Lindsey
> Dirden and/or Dirden Landscape & Irrigation Inc. at any time during the
> three-year period before the filing of this Complaint.

**Failure to Compensate for Off-the-Clock Work**

56.    Each and every allegation contained above is realleged as if fully written herein.

57.    Lindsey Dirden's and Dirden Landscape & Irrigation Inc.'s failure to pay Johnson

and the putative members for all the hours they worked—by requiring that they work time off the

clock—is a violation of the FLSA.

58.    Lindsey Dirden and Dirden Landscape & Irrigation Inc. failed to compensate

Johnson and the putative members for all the hours they worked in a workweek.

59.    No exemption excused Lindsey Dirden and Dirden Landscape & Irrigation Inc.

from paying Johnson and the putative members overtime compensation for their time worked off

the clock. Nor did Lindsey Dirden and Dirden Landscape & Irrigation Inc. make a good faith

effort to comply with the FLSA. Instead, Lindsey Dirden and Dirden Landscape & Irrigation Inc.

knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice

regarding overtime compensation with respect to Johnson and the putative members.

60.    Accordingly, Johnson and putative members are entitled to unpaid time at their

regular rates of pay.

61.    Additionally, Johnson and putative members are entitled to an amount equal to all

of his unpaid wages as liquidated wages.

62.    Finally, Johnson and putative members are entitled to reasonable attorneys' fees

and costs of this action pursuant to 29 U.S.C. § 216(b) (2016).

## COLLECTIVE ACTION ALLEGATIONS

63.    Each and every allegation contained above is realleged as if fully written herein.

64.    Other employees have been victimized by the above referenced pattern, practice, and policy of Lindsey Dirden and Dirden Landscape & Irrigation Inc. in violation of the FLSA.

65.    Thus, from personal knowledge, Johnson is aware that the illegal practices and policies of Lindsey Dirden and Dirden Landscape & Irrigation Inc. have been imposed on other workers.

66.    Other similarly situated employees are being denied their lawful wages.

67.    Accordingly, Lindsey Dirden's and Dirden Landscape & Irrigation Inc.'s pattern and practice of failing to pay for off-the-clock work as required by the FLSA results in Lindsey Dirden's and Dirden Landscape & Irrigation Inc.'s general application of policies and practices, and does not depend on the personal circumstances of the putative members.

68.    Johnson's experiences are typical of the experiences of the putative class as it pertains to compensation.

69.    The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

70.    All employees, regardless of their job requirements or rates of pay, who were not paid for off the clock work performed are similarly situated.

71.    Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

72.    All current and former employees who worked as laborers who at any time during the three years prior to the date of filing this action to the date of judgment were not

compensated for off the clock work in any given workweek are properly included as members of the class.

73.    As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former employees who worked as laborers and all employees with substantially similar duties who worked for Lindsey Dirden and/or Dirden Landscape & Irrigation Inc. at any time during the three-year period before the filing of this Complaint.

## ATTORNEY'S FEES

74.    Each and every allegation contained above is realleged as if fully written herein.

75.    Johnson and the putative members are entitled to recover attorney's fees and costs for bringing this action pursuant to the FLSA.

## JURY DEMAND

76.    Plaintiff, on behalf of himself and all other similarly situated employees, makes a formal demand for a jury trial in this matter.

## PRAYER

Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and those similarly situated to Plaintiff be awarded a judgment against Defendant for the following:

a.    Actual damages in the amount of unpaid overtime wages under the FLSA;

b.    Liquidated damages under the FLSA;

c.    Pre-judgment and post-judgment interest;

d.    Court costs;

e.    Reasonable attorneys' fees; and

f.      All other relief to which Plaintiff and those similarly situated to Plaintiff are entitled under the FLSA.

Respectfully submitted,

THE CRAIGHEAD LAW FIRM, PLLC

By:     s/ Clayton D. Craighead
        Clayton D. Craighead
        State Bar No. 24065092
        S.D. Texas No. 958992
        440 Louisiana, Suite 900
        Houston, TX 77002
        (832) 798-1184 – Telephone
        (832) 553-7261 – Facsimile
        clayton.craighead@thetxlawfirm.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF